UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENT BLACHE AND CAITLIN HIRSCH**<br>On behalf of themselves and others similarly situated,<br>*PLAINTIFFS,*<br><br>VERSUS<br><br>**GARDA CL SOUTHEAST, INC. DBA GARDA CASH LOGISTICS**<br>*DEFENDANT* | CIVIL ACTION:<br><br><br>JUDGE:<br><br><br><br>MAGISTRATE JUDGE: |

## COMPLAINT FOR UNPAID OVERTIME WAGES

NOW COME Plaintiffs, Brent Blache and Caitlin Hirsch, collectively Plaintiffs through undersigned counsel, who bring this collective action pursuant to the Fair Labor Standards Act and complain on behalf of themselves and others similarly situated against Defendant, Garda CL Southeast, Inc., doing business as Garda Cash Logistics (Garda, or Defendant), as follows:

## INTRODUCTION

1. Plaintiffs bring this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* to recover unpaid wages, unpaid minimum wages, unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant implemented and adhered to record-keeping and compensation policies and practices that required employees to work hours in excess of 40 hours in a workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its nonexempt employees.

3. Defendant's record-keeping and compensation policies and practices created and continue to create willful failures and refusals to pay proper minimum wage and overtime compensation

1

to Plaintiff and all other similarly situated nonexempt employees who are or were prohibited from accurately recording their work hours and not compensated properly for all their hours worked.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; the action is brought under the Fair Labor Standards Act.

5. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## PARTIES

7. Plaintiff Brent Blache is an adult citizen of the United States and resident and citizen residing within the Eastern District of Louisiana.

8. Plaintiff Caitlin Hirsch is an adult citizen of the United States and resident and citizen residing within the Eastern District of Louisiana.

9. Defendant, Garda CL Southeast, Inc., is a foreign corporation authorized to do and doing business in Louisiana with its business headquarters located in Cobb County, Georgia.

10. Defendant does business as Garda Cash Logistics (Garda).

## STATEMENT OF FACTS

11. Garda is in the armored car services industry and operates out of numerous locations throughout Louisiana and the United States.

12. Plaintiffs are former employees of Garda.

13. Hirsch worked out of Garda's New Orleans location; Blache worked in Garda's Baton Rouge and New Orleans locations.

14. In or around March 2017, Hirsch's position was changed to a vault operator.

15. As a vault operator, Hirsch's job duties included communicating with drivers to facilitate opening and repairing ATMs, repairing ATMs, creating and publishing reports and record-keeping.

16. Blache's job duties included answering telephones, servicing ATM machines, creating and publishing reports and record-keeping.

17. Plaintiffs' scope of employment has not included transportation, operation or maintenance of a heavy vehicle.

18. Plaintiffs were compensated at an hourly rate, and Plaintiffs were not exempt from the FLSA's minimum wage and overtime provisions.

19. Plaintiffs routinely worked in excess of 40 hours per week.

20. Garda was aware that Plaintiffs worked overtime hours, but Garda refused to pay Plaintiffs at a rate equal to 1.5 times their regular rate of pay.

21. Garda has failed to pay overtime for hours worked in excess of 40-hours per week, and as such, Garda is in violation of the Fair Labor Standards Act (FLSA), 29 USC § 201, et seq., for failure to pay mandatory overtime wages.

22. Garda's violation of the FLSA was willful and intentional, therefore Garda is liable to Plaintiffs for three-years of overtime back pay pursuant to 29 USC § 255(a), which back pay overtime wages exceed $3,000.00, plus attorney's fees and costs incurred in the prosecution of this litigation.

23. Garda is obligated to pay Plaintiffs overtime wages going forward if and when any of them work in excess of 40-hours per week.

24. Upon information and belief, Garda has gross annual sales equal to or greater than $500,000.

25. Upon information and belief, Garda engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

26. Upon information and belief, Plaintiffs use the mail, telephone or other equipment to communicate across state lines.

27. Plaintiffs were damaged as a direct and proximate result of Garda's actions, policies and practices and failure to compensate them properly.

28. Defendant owns or operates Garda Cash Management multiple facilities throughout Louisiana including New Orleans, Shreveport, Lake Charles, Baton Rouge and Lafayette which are administered and report to the Garda management location located in the City of New Orleans.

29. Plaintiffs have witnessed or spoken with employees at other locations in Louisiana who work more than 40 hours per workweek and are not compensated at a rate of 1.5 times their regular rate of pay for the hours worked in excess of 40 per workweek.

30. Upon information and belief, Garda implements and adheres to the same record-keeping and compensation policies in all of its Louisiana locations as it does in New Orleans.

31. Consequently, all nonexempt hourly employees at all of Garda's locations in Louisiana are similarly situated to the named Plaintiffs and were allowed to suffer or permitted to work hours for which they are not compensated properly.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiffs maintain this collective action on behalf of themselves and other similarly situated employees.

33. Defendant maintains records identifying the names, addresses and other contact information of putative collective class members who are similarly situated to Plaintiff.

34. To the extent required by law, notice will be provided to putative collective class members who are similarly situated to Plaintiff.

35. Plaintiffs and other similarly situated individuals are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs and judicial interest.

36. Defendant failed to act in good faith when it refused to pay employees properly for time worked.

37. Defendant either knew their conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

38. Defendant's actions constitute knowing, intentional and willful violations of the FLSA.

39. Defendant either knew its conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed putative collective class members who are similarly situated to Plaintiffs, pray that the Court:

   a. Certify this action as a collective action pursuant to 29 U.S.C. § 216(b);

   b. Recognize and designate Plaintiffs as representative plaintiffs of the collective action;

   c. Order notice be sent to all putative collective class members who are similarly situated to Plaintiffs that apprises the putative collective class members of the

litigation and their ability to assert timely FLSA claims in this action by filing a Consent to Join in this action;

d. Enter judgment declaring that Defendant's policies and practices complained of herein violate of the FLSA;

e. Enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

f. Enter judgment against Defendant and award to Plaintiffs, and all others similarly situated, damages for unpaid wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

g. Enter judgment requiring Defendant to pay to Plaintiffs, and all others similarly situated, costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and costs of sending notice to putative collective class members;

h. Enter judgment awarding to Plaintiff, and all others similarly situated, any and all further legal relief as this Court deems necessary, just and proper.

Respectfully submitted,

LAW OFFICE OF DALE EDWARD WILLIAMS

/s/ Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
dale@daleslaw.com

Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, LA 70433
Phone: 985-590-5026
Fax: 985-605-0525
chad.danenhower@danenhowerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENT BLACHE AND**<br>**CAITLIN HIRSCH**<br>On behalf of themselves and others<br>similarly situated,<br>      *PLAINTIFFS,*<br><br>   VERSUS<br><br>**GARDA CL SOUTHEAST, INC.**<br>**DBA GARDA CASH LOGISTICS**<br>      *DEFENDANT* | **CIVIL ACTION:**<br><br><br><br>**JUDGE:**<br><br><br><br>**MAGISTRATE JUDGE:** |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I individually verify, under penalty of perjury, that I have read the foregoing Complaint, and it is true and correct to the best of my knowledge and belief.

Executed in Covington, Louisiana on this 17th day of February in the year 2018.

_____

_____

8